# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN A. RAE, by and through her successor-in-interest/personal representative, SHANNON MONTISANO; SHANNON MONTISANO, individually; BRENDAN MACRAE, individually; STACEY ADAME, individually; and TODD RAE, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ANZA HEALTHCARE INC., d/b/a VICTORIA POST ACUTE CARE; and DOES 1–50,<br><br>Defendants. | Case No.: 21-cv-287-DMS (JLB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

This case comes before the Court on Plaintiffs' motion to remand. Defendant Anza Healthcare, Inc. ("Defendant") filed a response in opposition, and Plaintiffs filed a reply. For the following reasons, the Court grants Plaintiffs' motion.

/ / /

/ / /

/ / /

1

# I.
# BACKGROUND

Plaintiffs allege Susan A. Rae was admitted to Defendant's nursing home facility for physical therapy and occupational therapy on March 14, 2020. (Compl., ECF No. 1-2, ¶ 17.) Rae required monitoring and assistance with daily living. (*Id.*) Plaintiffs allege Defendant's facility was understaffed and lacked protocols to deal with the COVID-19 outbreak, and that consequently, Rae was left in bed without assistance, where she developed a bedsore and became infected with COVID-19. (*Id.* ¶¶ 13–22.) On March 30, 2020, Rae was transferred to Kaiser Hospital, where she passed away on April 6, 2020. (*Id.* ¶ 23.)

Based on these alleged facts, Plaintiffs filed suit in the Superior Court of California, County of San Diego, on January 8, 2021, asserting claims for (1) elder abuse or neglect in violation of California Welfare and Institutions Code § 15600 *et seq.*, (2) violation of a patient's rights under California Health and Safety Code § 1430, (3) negligence, and (4) wrongful death. (*See* Compl.) On February 16, 2021, Defendant removed the action to this Court on the basis of federal question jurisdiction. (ECF No. 1.)

# II.
# LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, . . . the district court must remand if it lacks jurisdiction."). "The burden of establishing federal jurisdiction is on the party seeking removal[.]" *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.

1999). The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction[,]" so that "any doubt as to the right of removal" is resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.' " *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## III.
## DISCUSSION

It is undisputed that Plaintiff's Complaint alleges only state law causes of action. However, Defendant asserts federal question jurisdiction exists for two reasons: first, the Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6d (the "PREP Act") completely preempts Plaintiffs' claims,[1] and second, Plaintiffs' claims present a federal

---

[1] Section 247d-6d of the PREP Act, "Targeted liability protections for pandemic and epidemic products and security countermeasures," provides:

> [A] covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [by the Secretary of Health and Human Services] has been issued with respect to such countermeasure.

42 U.S.C. § 247d-6d(a)(1). The Secretary of the Department of Health and Human Services issued a declaration under the PREP Act with respect to the COVID-19 pandemic on March 17, 2020, and has amended the declaration seven times to date. *See Seventh Amendment*

3

issue under the *Grable* doctrine. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, U.S. 308, 312 (2005). Plaintiffs contend there is no basis for federal jurisdiction and thus that remand is proper.

**A. Complete Preemption**

The doctrine of complete preemption permits removal where the "pre-emptive force" of a federal statute is "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020) (quoting *Caterpillar*, 482 U.S. at 393). The Ninth Circuit has held that "complete preemption for purposes of federal jurisdiction under [28 U.S.C.] § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *Id.* at 905 (citing *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018)). The federal statute "must 'provide[ ] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.'" *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

District courts within the Ninth Circuit have near-unanimously concluded that the PREP Act is not a complete preemption statute.[2] *See, e.g.*, *Riggs v. Country Manor La Mesa Healthcare Ctr.*, No. 21-CV-331-CAB-DEB, 2021 WL 2103017, at *2 (S.D. Cal.

---

*to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19*, 86 Fed. Reg. 14462, 14463 (Mar. 16, 2021).

[2] The lone exception appears to be *Garcia v. Welltower OpCo Group LLC*, No. SACV2002250JVSKESX, 2021 WL 492581 (C.D. Cal. Feb. 10, 2021), which Defendant relies upon. But as another court explained, "the court in *Garcia* deferred to the HHS Secretary's opinion of PREP Act complete preemption" and "did not consider the Ninth Circuit's two-part complete preemption test." *Golbad v. GHC of Canoga Park*, No. 221CV01967ODWPDX, 2021 WL 1753624, at *3 (C.D. Cal. May 4, 2021). Notably, "all of the federal district court decisions reported on Westlaw that cite to and consider *Garcia* have declined to follow its lead." *Est. of Parr ex rel. Parr v. Palm Garden of Winter Haven, LLC*, No. 8:21-CV-764-SCB-SPF, 2021 WL 1851688, at *2 (M.D. Fla. May 10, 2021) (agreeing "the PREP Act does not provide complete preemption"). This Court likewise respectfully declines to adopt the reasoning in *Garcia*.

May 25, 2021) ("Plaintiffs' claims are not completely preempted by the PREP Act."); *Golbad v. GHC of Canoga Park*, No. 221CV01967ODWPDX, 2021 WL 1753624, at *2 (C.D. Cal. May 4, 2021) ("[S]imply put, the PREP Act does not satisfy the Ninth Circuit's two-part complete preemption test."); *Padilla v. Brookfield Healthcare Ctr.*, No. CV 21-2062-DMG (ASX), 2021 WL 1549689, at *4 (C.D. Cal. Apr. 19, 2021) ("Nearly every other federal court addressing the issue of complete preemption has found that the PREP Act is not a statute with complete preemptive effect."). Notably, the PREP Act does not supply an exclusive federal cause of action. *See Winn v. California Post Acute LLC*, No. CV2102854PAMARX, 2021 WL 1292507, at *4 (C.D. Cal. Apr. 6, 2021) ("[T]he PREP Act does not provide a substitute cause of action for Plaintiff's claims based on Defendant's alleged negligence claims. Instead, when applicable, the PREP Act provides immunity to defendants on state law negligence claims.") (internal quotation marks and citation omitted); *Padilla*, 2021 WL 1549689, at *4 ("[T]he PREP Act provides for a federal administrative *remedy* for injuries arising from non-willful behavior, not an exclusive federal cause of action.") (emphasis in original).

Other district courts nationwide have reached the same conclusion—that the PREP Act does not completely preempt state law claims such as those raised by Plaintiffs here. *See, e.g.*, *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, No. 3:20-CV-00683, 2021 WL 1561306, at *7 (M.D. Tenn. Apr. 21, 2021) ("[N]early every district court to consider whether the PREP Act completely preempts similar state-law claims against nursing homes has concluded the PREP Act is not a complete preemption statute, or at least does not have such an effect on claims like those presented here.") (internal quotation marks and citations omitted);[3] *Dupervil v. All. Health Operations, LCC*, No. 20CV4042PKCPK, 2021 WL

---

[3] Notably, the *Bolton* court rejected arguments raised by the Department of Justice in a "Statement of Interest" filed in that case, which statement Defendant relies upon here in support of its complete preemption argument. The *Bolton* court distinguished the Air Transportation Safety and System Stabilization Act of 2001 ("ATSSSA"), a complete preemption statute, *see In re WTC Disaster Site*, 414 F.3d 352, 371–80 (2d Cir. 2005), from the PREP Act. It found the "crucial difference" is that the ATSSA expressly created a

355137, at *9–11 (E.D.N.Y. Feb. 2, 2021) ("[T]he PREP Act does not completely preempt state-law claims within its scope."); *Evans v. Melbourne Terrace Rcc, LLC*, No. 6:21-CV-381-JA-GJK, 2021 WL 1687173, at *2 (M.D. Fla. Apr. 29, 2021) "[T]he PREP Act is not a complete preemption statute."). The Court finds the reasoning in these cases persuasive, and thus agrees with the weight of authority that the PREP Act is not a complete preemption statute. The PREP Act therefore does not provide a basis for federal question jurisdiction over Plaintiffs' claims here.

**B. *Grable* Doctrine**

In *Grable*, the Supreme Court recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." 545 U.S. at 312. Under this doctrine, federal jurisdiction over a state law claim exists if a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "Only a few cases have fallen into this 'slim category[.]' *City of Oakland*, 969 F.3d at 904 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)).

"District courts have consistently rejected healthcare providers' or assisted living facilities' arguments that claims arising out of patients or residents getting COVID-19 raise embedded federal issues with respect to the PREP Act." *Riggs*, 2021 WL 2103017 at *3. Here, Plaintiffs allege state law claims for violations of California statutes, negligence, and wrongful death. The Court agrees with other courts that have concluded in similar contexts that "immunity under the PREP Act is a defense, not a necessary aspect of Plaintiffs' state law claims." *Padilla*, 2021 WL 1549689 at *6; *see, e.g.*, *Winn*, 2021 WL 1292507 at *5

---

federal cause of action, whereas the PREP Act "creates no similar exclusive federal cause or right of action for claims other than those involving willful misconduct." *Id.* at *7; *see also Dupervil v. All. Health Operations, LCC*, No. 20CV4042PKCPK, 2021 WL 355137, at *9 (E.D.N.Y. Feb. 2, 2021) (stating "the PREP Act does not provide the exclusive cause of action for claims that fall within its scope" and likewise distinguishing ATSSSA).

6

& n.2 (finding plaintiffs' state law claims against nursing facility did not necessarily raise federal issue under PREP Act); *Dupervil*, 2021 WL 355137 at *14 ("[T]his only shows that Defendants may have an affirmative defense to Plaintiff's claims, not that Plaintiff's claims are affirmatively premised on, or on their face necessarily require resolution of, the PREP Act."). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. Plaintiffs' Complaint does not "necessarily raise" a federal issue permitting the exercise of federal jurisdiction under *Grable*.

## IV.
## CONCLUSION AND ORDER

For the reasons set out above, Plaintiffs' motion to remand is GRANTED. This case is hereby remanded to the Superior Court of California, County of San Diego. Defendant's pending motion to dismiss is DENIED as moot without prejudice.

**IT IS SO ORDERED**.

Dated: June 3, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court